UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| ANTHONY Doe, by and through his mother and next friend, BRENDA C. | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) COMPLAINT |
| EAST LONGMEADOW PUBLIC SCHOOLS and BUREAU OF SPECIAL EDUCATION APPEALS | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## INTRODUCTION

This is an appeal to this Court from a decision by a Bureau of Special Education Appeals ("BSEA") Hearing Officer which was issued on December 18, 2014. A copy of the BSEA decision is attached to this Complaint as Appendix A. Plaintiff seeks a reversal of the adverse decision because the Hearing Officer failed to consider much of the relevant evidence and made findings of fact which were not supported by the documentary and testimonial evidence.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 20 U.S.C. s. 1415(i)(2)(B) and 28 U.S.C. s. 1331.

## PARTIES

The Plaintiff, Anthony Doe. is a nine-year-old special needs student. He brings this action through his mother and next friend, Brenda C. At all times pertinent to this matter, Anthony and his mother resided in East Longmeadow, Massachusetts.

The Defendant, East Longmeadow Public Schools (ELPS"), is established under the laws of the Commonwealth of Massachusetts and is a public corporation with the capacity to be sued.  Defendant receives federal funds from the United States Department of Education pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. s. 1400 et seq., and is required to provide special education services to all eligible students within the school district.

The Defendant, Bureau of Special Education Appeals, is a sub-division of the Division of Administrative Law Appeals, a state agency within the Commonwealth of Massachusetts.  The BSEA is responsible for adjudicating disputes between parents and school districts[1] about special education services, pursuant to 20 U.S.C. 1415(g) and M.G.L. c. 71B, s. 2A.

## STATEMENT OF THE FACTS

1. Anthony Doe. is a nine year old boy who has been diagnosed with Cerebral Palsy with Spastic Diplegia, Verbal Apraxia, Autism Spectrum Disorder, Attention Deficit Hyperactivity Disorder, a severe communication disability and global developmental delays.

2. Anthony's mother ("Mother") adopted Anthony after she observed his living conditions in an orphanage in Kazakhstan where he was left in a crib with very little stimulation.

3. Anthony was enrolled in the East Longmeadow Public Schools ("ELPS") until June, 2014. Mother became increasingly concerned about Anthony's lack of progress in school during the time he was enrolled in ELPS, especially in light of the fact that he repeated Kindergarten and was recommended to repeat second grade.

4. During the 2013-14 school year, Anthony's behavior had escalated to the point where Mother was reluctantly considering placing him in residential care.

5. Mother investigated and researched possible schools for Anthony which might allow him to make

---

[1] In a few instances, state agencies such as the Department of Children and Families and private special education schools can also be parties in the hearing process.

better progress than he was making in ELPS. When Mother visited The Speech Academy ("TSA"), a private special education school in Easton, Connecticut, she was favorably impressed and thought it would be a good fit for Anthony.

6. Mother discussed with the ELPS Team and ELPS Director of Special Education the potential for Anthony to progress at TSA. There was discussion about ELPS placing Anthony at TSA.

7. The ELPS Director of Special Education initially indicated that she would agree to place Anthony at TSA for a minimum of three days per week for the 2014 summer session.

8. On June 12, 2014, Mother received a letter from the ELPS Director of Special Education declining to place Anthony at TSA.

9. Shortly after receiving the June 12 letter, Mother decided to send Anthony to TSA at her own expense, including the cost of transportation. Anthony continues to attend TSA as of the date of the filing of this Complaint.

10. On July 8, 2014, Mother, through her attorney, filed a Request for Hearing with the BSEA, seeking an Order that ELPS be held responsible for retroactive and prospective funding of Anthony's placement at TSA.

11. The BSEA Hearing was held on October 14, 15 and 16, 2014.

12. On December 18, 2014, the Hearing Officer issued a fifteen (15) page Decision and Order. The Decision held that ELPS's proposed placement in their own school would have provided Anthony with a free appropriate public education ("FAPE"). Based on this ruling, the Hearing Officer denied Mother's request for retroactive and prospective funding for Anthony's placement at TSA.

13. The Hearing Officer's Decision omitted virtually all of the documentary and testimonial evidence which supported Mother's claim that Anthony had not made adequate progress during the period of time he was enrolled in ELPS.

14. The omitted testimony included, inter alia, Mother's testimony about Anthony's dramatic progress in all areas of his special education needs during the short amount of time that he was placed at TSA, the

findings by an independent neuropsychologist that Anthony had made little or no progress over three years during the period of time he was enrolled in ELPS and evidence of Anthony's behavioral regression in some areas during the period of time he was enrolled in ELPS as documented by ELPS' own consulting psychologist.[2]

15. The Hearing Officer failed to analyze contradictions between the documentary evidence and the testimony of ELPS' witnesses.

16. The Hearing Officer failed to appropriately assess the credibility of the ELPS witnesses, including the obvious contradictions contained within the testimony of the ELPS Director of Special Education.

17. The Hearing Officer focused almost exclusively on Anthony's communication skills and did not adequately address Anthony's other areas of need.

18. In addressing Anthony's communication needs, the Hearing Officer made inaccurate statements of fact. The Hearing Officer's analysis of the evidence did not meet the "careful and thorough" legal standard. See *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F. 3d 884, 891-92 (9th Cir. 1995).

**WHEREFORE**, the Plaintiff requests that this Honorable Court provide the following relief:

1. Take jurisdiction of this matter;
2. Reverse the Hearing Officer's December 18, 2014 Decision and Order;
3. Find that ELPS denied Plaintiff FAPE;
4. Find that TSA is providing the Plaintiff with FAPE;
5. Order ELPS to provide reimbursement and prospective funding of the Plaintiff's placement at TSA, including transportation
6. Award Plaintiff reasonable attorney's fees; and
7. Provide such other relief as the Court deems just and proper.

---

[2] The technical certification of the psychologist is as a Board Certified Behavior Analyst.

<div style="margin-left: 50%;">
Anthony Doe. and Brenda C.,<br>
by their attorney
</div>

Date:  February 23, 2015
<div style="margin-left: 50%;">
<u>s/Matthew Engel</u><br>
BBO #547465<br>
P.O. Box 1035<br>
Easthampton, MA  01027<br>
(413) 527-3157 (phone and fax)<br>
mengel1101@verizon.net
</div>