UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| ANTHONY DOE, by and through | ) |
| his mother and next friend, Brenda C., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 3:15-cv-30029KAR |
| EAST LONGMEADOW PUBLIC | ) |
| SCHOOLS | ) |
| | ) |
| and | ) |
| | ) |
| BUREAU OF SPECIAL EDUCATION | ) |
| APPEALS, | ) |
| | ) |
| Defendants. | ) |

_____)

**DEFENDANT EAST LONGMEADOW PUBLIC SCHOOLS'
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO
SUPPLEMENT THE RECORD WITH ADDITIONAL TESTIMONY
AND ADDITIONAL EVIDENCE**

The Defendant, East Longmeadow Public Schools, (hereinafter, "East Longmeadow"), by and through its attorney, herewith respectfully submits its Opposition to Plaintiff's Motion for Leave to Supplement the Record with Additional Testimony and Additional Evidence.

## **Introduction**

The Parent filed a Hearing Request with the Bureau of Special Education Appeals ("BSEA") seeking retroactive reimbursement and prospective placement for her July 2014 unilateral placement of her son (hereinafter, "the Student") at The Speech Academy in Easton, Connecticut.

A due process hearing in this matter was held on October 14, 15, and 16, 2014.  In a comprehensive decision issued on December 18, 2014, the Hearing Officer found that "the weighty preponderance of the credible evidence supports a finding that the 2014-2015 Individualized Education Program ("IEP") developed by East Longmeadow is reasonably calculated to ensure that the Student receives a free appropriate public education [FAPE] in the least restrictive setting."  The Hearing Officer concluded there was "ample evaluative, observational, and anecdotal evidence" to support East Longmeadow's continued emphasis on developing multi-model, multi-channel functional communication strategies and options for the Student.  "All the school-based and independent providers and evaluators recommend continuing to offer and to strengthen multiple communication opportunities for the Student.  I find that the proposed 2014-2015 IEP will do that.  Only the Parent seeks an exclusive focus on speech development."

The Parent appealed the BSEA Decision to this Court.  On June 30, 2015, the Parent filed a Motion for Leave to Supplement the Record with Additional Testimony and Additional Documents regarding the Student's progress at The Speech Academy since the time of the BSEA hearing.  East Longmeadow opposes this Motion.

## Standard of Review

In *Lessard v. Wilton-Lyndeborough Cooperative School District*, 518 F.3d 18 (1st Cir. 2008), the First Circuit Court of Appeals held the following with regard to the applicable standard of review for the district court:

> "In reviewing the hearing officer's decision, the district court is tasked with determining the IEP's appropriateness on the basis of the preponderance of the evidence.  *See* 20 U.S.C. §1415(i)(2)(B).  Judges are not trained pedagogues, and they must accord deference to the state agency's application of its specialized knowledge.  *See Renner v. Bd. Of Educ. Of Pub. Schs. Of Ann Arbor*, 185 F.3d 635, 641 (6th Cir. 1999)

(remarking that "federal courts are generalists with no expertise in the educational needs of handicapped children") (citation and internal quotation marks omitted); *see also Gonzalez v. P.R. Dep't of Educ.*, 254 F.3d 350, 352 (1ˢᵗ Cir. 2001) (noting that a district court, faced with conflicting expert testimony anent educational placement, may justifiably feel "bound to affirm" the state agency's determination).  As a result, judicial review falls somewhere between the highly deferential clear-error standard and the non-deferential *de novo* standard.  *See Roland M. v. Concord School Committee,* 910 F.2d 983, 989 (1ˢᵗ Cir. 1990).

The IDEA's requirement that a reviewing court "base its decision on the 'preponderance of the evidence' is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Board of Education v. Rowley*, 458 U.S. 176, 206 (1982); *Doe v. Attleboro Pub. Schools* (D. Mass. Aug. 31, 2011).  To the contrary, "[a]lthough the exact quantum of weight is subject to the district judge's exercise of informed discretion, the judge is not at liberty either to turn a blind eye to administrative findings or to discard them without sound reason." *Lenn v. Portland Sch. Comm.*, 998 F.2d 1083, 1087 (1ˢᵗ Cir. 1993) (citations omitted).  Thus, the level of scrutiny applied to administrative decisions under the IDEA "requires a more critical appraisal of the agency determination than clear-error review entails, but which, nevertheless, falls well short of complete de novo review." *Id.* At 1086; *see also Lessard v. Wilton-Lyndeborough Coop. Sch. Dist.*, 518 F.3d 18, 24 (1ˢᵗ Cir. 2008).  The First Circuit has described this "intermediate level of review as 'one of involved oversight.'" *Lenn v. Portland School Committee*, 998 F.2d 1083 (1ˢᵗ Cir. 1993).

Because courts must give due deference to the special expertise of administrative hearing officers, the standard for admitting supplemental evidence is narrowly construed. *Lessard v. Wilton-Lyndeborough Cooperative School District*, 518 F.3d 18 (1ˢᵗ Cir. 2008); *Roland M. v. Concord School Committee*, 910 F.2d 773 (1ˢᵗ Cir. 1984).

When a school or a parent invokes the right to judicial review, the IDEA instructs that the court "shall receive the records of the administrative proceedings; shall hear additional evidence at the request of a party; and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate. *Id*. At 20 U.S.C. §1415(i)(2)(C).

The First Circuit first addressed the issue of what constitutes "additional evidence" under the IDEA in *Burlington v. Dept. of Educ. For Com. Of Mass*., 736 F.2d 773 (1st Cir. 1984). In *Burlington,* the court explained that admitting evidence that duplicates or embellishes evidence already considered at the administrative hearing would be "entirely inconsistent with the unusual meaning of 'additional'" and, instead, read "additional" to mean "supplemental." The court offered examples of instances in which additional evidence may supplement the administrative record, such as "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing."

The First Circuit offered this list in light of the Supreme Court's then-record directive in *Board of Educ. of Hendrick Hudson Central School Dist., Westchester County v. Rowley*, 458 U.S. 176, 206 (1982), that "a reviewing court must give the findings of the administrative hearing due weight, noting, in effect, that less stringent standards for admitting new evidence would run afoul of that directive." *See Burlington*, 736 F.2d at 790. "We are fortified in this interpretation because it structurally assists in giving due weight to the administrative proceedings, as *Rowley* requires." *See, also I.M. v. Northampton Public Schools, et* al Civil Action No. 11-30214-KPN.

This approach was reinforced several years later when the court explained that "a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so." *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983 at 996 (1st Cir. 1990). "In the absence of special circumstances," the First Circuit continued, "courts should ordinarily exercise th[e] discretion [to consider testimony on judicial review] in favor or excluding the belatedly offered evidence." *Id*. at 997.

In essence, *Burlington* and *Roland* obligate a court to "weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Roland M*., 910 F.2d 983 at 996 (1990) (quoting *Burlington*, 736 F.2d at 791). "To do otherwise would run contrary to both the First Circuit's directives and the spirit of the IDEA, the purpose of which is to provide streamlined judicial review to ensure that disabled children are accorded appropriate education plans in a timely manner." *Id.*

### <u>Argument</u>

1.     **The Plaintiff's Motion for Leave to Supplement the Record with Additional Testimony and Additional Documents is contrary to the First Circuit's holdings in *Burlington*, *Roland M.*, and *Lenn*.**

The Plaintiff has requested that the Court grant him leave to present testimony from his mother and the Director of The Speech Academy regarding "evidence of Anthony's progress…since the time of the BSEA hearing." Both of these witnesses testified extensively at the BSEA hearing. The Plaintiff also wishes to introduce progress

reports from July 2014 through June 2015 which postdate the BSEA hearing and Decision.

The First Circuit stated the following in *Town of Burlington v. Dept. of Educ., Comm. Of Mass.,* 736 F.2d 773 (1984) at 790: "We believe that the key to the review authorized by the Act lies in the 'additional evidence' clause. We construe "additional" in the ordinary sense of the word, *Perrin v. United States,* 444 U.S., 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1980), to mean supplemental.[1] "Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of "additional." We are fortified in this interpretation because it structurally assists in giving due weight to the administrative proceeding, as *Rowley* requires." *Town of Burlington v. Dept. of Educ., Comm. Of Mass.,* 736 F.2d 773 (1984), *citing Rowley* 458 U.S. at 206, 102 S.Ct. at 3051. A trial court must make an independent ruling[2] based on the preponderance of the evidence, but the Act contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial. The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding."

---

[1] We have found no legislative history to guide us on the construction to be given "additional evidence."
[2] *See* S.Conf.Rep. No. 94-455 at 50, *reprinted in* U.S.Code Cong. & Ad.News 1975 at 1503; *Rowley* at 205, 102 S.Ct. at 3051.

"The determination of what is "additional" evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*. A practicable approach, we believe, is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial. A motion may then be made to allow such a witness to testify within the specified limits stating the justification for the testimony. In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Id.,* at 790.

The *Burlington* court held that "[a] further question remains: whether any special deference is to be accorded the administrative findings. The statute requires the reviewing court to '*receive the records* of the administrative proceedings,' §1415(e)(2) (emphasis added) and *Rowley* mandates that "due weight" shall be accorded to the "proceedings." *Town of Burlington v. Dept. of Educ., Comm. Of Mass.,* 736 F.2d 773 (1984) at 791, *citing Rowley* 458 U.S. at 206, 102 S.Ct.

Here, the Plaintiff is attempting to do exactly what the Court in *Burlington* specifically prescribed against: to present witnesses at trial who will "embellish their prior administrative hearing testimony." In addition, the Plaintiff's proferred evidence may change the character of this matter "from one of review to a trial *de novo*." Just as an IEP is a snapshot, not a retrospective – what was objectively reasonable when the snapshot was taken, that is, at the time the IEP was promulgated, *Roland M*., 910 F.2d 992 – so, too, a hearing officer must base her findings and conclusion on the evidence presented at the time of hearing, not nine (9) months later. Plaintiff has presented no compelling justification to overturn the rebuttable presumption announced in *Burlington* that an administrative hearing witness "be foreclosed from testifying at trial." *Id.*, at 791.

Plaintiff's argument to submit additional documents and testimony would be applicable to all appeals of BSEA decision, a result clearly not contemplated by the First Circuit Court of Appeals. Retroactive reimbursement is the most common type of BSEA hearing request. To submit additional evidence here would apply to all parental appeals of administrative decisions upholding school districts' IEP's, with the unintended consequence that such cases would be neverending.

The First Circuit provided further clarification of the IDEA's additional evidence clause in *Roland M., v. Concord School Committee*, 910 F.2d 993 (1st Cir. 1990). In reviewing the district court's referral to receive additional testimony, the Court of Appeals stated the following:

> We start with bedrock. A court's customary discretion in evidentiary matters is channeled by the special goals and procedures of the Act. *See Burlington II*, 736 F.2d at 791. As a means of assuring that the administrative process is accorded its due weight and that judicial review does not become a trial *de novo*, thereby rendering the administrative hearing nugatory, a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so. To determine whether this burden has been satisfied, judicial inquiry begins with the administrative record. *Roland M. v. Concord School Committee*, 910 F.2d 993 (1st Cir. 1990).

Further, the court in *Roland M.* held that:

> A district court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources. *Id.*

*See Burlington II*, 736 F.2d at 790 (it is "an appropriate limit in many cases…to disallow testimony for all who did, or could have, testified before the administrative hearing"). In the absence of special circumstances, courts should ordinarily exercise that discretion in favor of excluding the belatedly offered evidence. *Id.*

Given the hearing officer's finding that East Longmeadow's proposed 2014-2015 IEP was reasonably calculated to provide FAPE, the appropriateness of Anthony's placement at The Speech Academy was – and is – not even relevant to the BSEA Decision denying retroactive reimbursement under the two-part test enunciated by the Supreme Court in *Florence County School Dist. Four v. Carter*, 510 U.S. 7, 114 S.ct. 361, 126 L.Ed 2d 284 (1993).[3]   There are no "special circumstances" or "sound justification" to introduce additional evidence here.

Finally, the First Circuit in *Lenn v. Portland School Committee, et al*, 998 F.2d 1083 (1st Cir. 193) provided further guidance to the district court.   The critical inquiry in a case of this genre is "whether a proposed IEP is adequate and appropriate for a particular child at a given point in time." *Burlington v. Department of Educ.*, 736 F.2d 773, 788 (1st Cir. 1984), *aff'd*, 471 U.S. 359, 105 S.Ct. 1996, 85 Led.2d 385 (1985).

If the agency approves the IEP, the parent or guardian may seek further review in either state or federal court. *See Id*.   At §1415(e)(2).   The relevant statutory provision requires the forum court to mull the administrative record, take additional evidence under certain circumstances, and "base[ ] its decision on the preponderance of the evidence." *Id*.   While the IDEA envisions judicial review, the statute "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review."   *Rowley*, 458 U.S. at 206, 102 S.Ct. at 3051. Rather, the law contemplates an intermediate standard of review on the trial-court level a standard which, because it is characterized by independence of judgment, requires a more critical appraisal of the agency determination than clear-error review entails, but which,

---

[3] School's education program inappropriate; parent's placement is appropriate. *Florence County School Dist. Four v. Carter*, 510 U.S. 7, 114 S.ct. 361, 126 L.Ed 2d 284 (1993).

nevertheless, falls well short of complete *de novo* review.  *See Roland M.*, 910 F.2d at
989; *Colin K. v. Schmidt*, 715 F.2d 1, 5 (1st Cir. 1983).

In the course of this independent review, the administrative proceedings must be
accorded "due weight."  *Rowley*, 458 U.S. at 206, 102 S.Ct. at 3051; *see also Colin K.*,
715 F.2d at 5.  Although the exact quantum of weight is subject to the district judge's
exercise of informed discretion, *see Hampton*, 976 F.2d at 52; *G.D. v. Westmoreland Sch.
Dist.*, 930 F.ed 942, 946 (1st Cir. 1991), the judge is not at liberty either to turn a blind
eye to administrative findings or to discard them without sound reason.  *See Burlington*,
736 F.2d at 792 ("The court, in recognition of the expertise of the administrative agency,
must consider the findings carefully and endeavor to respond to the hearing officer's
resolution of each material issue.").  In the end, the judicial function at the trial-court
level is "one of involved oversight," *Roland M.*, 910 F.2d at 989.

Determining the adequacy of an IEP is a fact-intensive exercise.  Consistent with
this verity, the governing standard for appellate review in an IDEA case is firmly settled:

> [I]n the absence of a mistake of law, the court of appeals should accept a
> district court's resolution of questions anent adequacy and appropriateness
> of an IEP so long as the court's conclusion are not clearly erroneous on the
> record as a whole. *Id*, at 990-91.

 The clear-error hurdle is, of course, quite high.  *See,* e.g., *Cumpiano v. Banco Santander
Puerto Rico*, 902 F.2d 148, 152 (1st Cir. 1990) (holding that, under a regime of clear-error
review, an appellate court "ought not to upset findings of fact or conclusion drawn
therefrom unless, on the whole of the record, [the appellate judges] form a strong,
unyielding belief that a mistake has been made").

    **2.**    **The Plaintiff had ample time in which to submit the proposed additional evidence prior to filing his request for judicial review with this honorable Court.**

Plaintiff brought his Hearing Request before the BSEA in full knowledge of the chronology regarding due process hearings.  If the Plaintiff wanted more time, he could have waited to file the Hearing Request without any prejudice to the Student.  The Hearing was held in mid-October 2014, and the decision was rendered on December 18, 2014.  Anthony had been attending The Speech Academy for more than three (3) months at the time of the hearing.  It has been less than one (1) year since the hearing was held.

In the cases cited by the Plaintiff in support of his Motion, the decision to admit additional evidence took place well after the original administrative hearing.  In *C.G. and B.S. v. Five Town Community School District, et al.,* 513 F.3d 279 (2008), the administrative hearing was held in 2005, three (3) years prior to the Appellate Court decision.  In *Jean N. and Lee N. v. Tirozzi, et al.,* 17 ELHR 580 (D. Conn. 1991), the trial was conducted well over two (2) years after the hearing.

Finally, if Plaintiff is permitted to introduce additional evidence and testimony, East Longmeadow requests the opportunity to submit rebuttal evidence on the issues raised by Plaintiff's witnesses, to wit: East Longmeadow would present two (2) witnesses,[4] one of whom did not testify at the administrative hearing, that, based upon their direct observations of the Student in April 2015, the Student's functional communication skills have, in fact, regressed since June 2014.  In a case cited by the Plaintiff, *Mr. and Mrs. I. v. Maine School Administrative District No. 55,* 416 F.Supp.2d 147 (D. Me. 2006), one (1) of two (2) witnesses did not testify at the administrative

---

[4] Hillary Jillison, MS CCC-SLP, ATP, and Silvana Ayala, MS CCC-SLP.

hearing but was allowed to testify before the Court.  Given this precedent, East Longmeadow would expect the same consideration regarding its rebuttal witnesses.

WHEREFORE, East Longmeadow respectfully requests that the Plaintiff's Motion for Leave to Supplement the Record with Additional Testimony and Exhibits be denied. The Plaintiff has not presented sufficient justification to overturn the rebuttable presumption that his witnesses were foreclosed from testifying at hearing.  In the alternative, East Longmeadow respectfully requests that it be allowed to supplement the Record by presenting witnesses in rebuttal of Plaintiff's "new" testimony and exhibits.

Respectfully submitted,

EAST LONGMEADOW PUBLIC SCHOOLS

By its attorney,


/s/ Peter L. Smith_____
Peter L. Smith, Esq.
200 North Main Street, Suite 8
East Longmeadow, MA 01028
(413) 525-1136
Fax (413) 525-4128
Date:   July 17, 2015              BBO# 542544

## CERTIFICATE OF SERVICE

I, Peter L. Smith, hereby certify that on July 17, 2015, this document was filed through the Court's ECF system and will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those indicated as non-registered participants by first class mail on July 17, 2015.


/s/ Peter L. Smith_____
Peter L. Smith