UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY DOE, ) |
| ) |
| Plaintiff, ) |
| ) |
| v. ) Case No. 15-cv-30029-MGM |
| ) |
| EAST LONGMEADOW ) |
| PUBLIC SCHOOLS, et al., ) |
| ) |
| Defendants. ) |

MEMORANDUM AND ORDER
REGARDING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE
RECORD WITH ADDITIONAL TESTIMONY AND ADDITIONAL DOCUMENTS
(Dkt. No. 26)
September 21, 2015

ROBERTSON, U.S.M.J.

Pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*., Anthony Doe ("Anthony" or "Plaintiff"), by and through his mother and next friend, Brenda C., seeks judicial review of a decision by the Massachusetts Bureau of Special Education Appeals ("BSEA"). Anthony contests the BSEA conclusion that during the 2014-2015 school year East Longmeadow Public Schools ("ELPS") provided Anthony with a free appropriate public education ("FAPE") as required by the IDEA. Anthony also seeks reimbursement of the funds expended by his mother for Anthony's education at The Speech Academy ("TSA"), where she unilaterally placed Anthony in June 2014 at her own expense. Anthony has filed a motion to supplement the administrative record pursuant to 20 U.S.C. § 1415 (i)(2)(c)(ii) (Dkt. No. 26). Defendants BSEA and ELPS oppose the motion. For the reasons that follow, the court will allow Plaintiff's motion.

I.       Applicable Legal Standards

In judicial review of administrative decisions under the IDEA, Congress has provided that a reviewing district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court deems is appropriate." 20 U.S.C. § 1415 (i)(2)(C).  Notwithstanding the ostensibly mandatory language of the clause, the First Circuit has held that the determination of what additional evidence may be admitted is left to the sound discretion of the trial court.  In *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773 (1st Cir. 1984), *aff'd on other grounds*, *Burlington Sch. Comm. v. Mass. Dep't of Educ.*, 471 U.S. 359 (1985), the court held that the word "additional" should be construed "in the ordinary sense of the word … to mean 'supplemental.'"  *Id*. at 790.  The court reasoned that, "[t]hus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of the word 'additional.'"  *Id*.  The court provided a non-exhaustive list of reasons why supplementation might be appropriate in any given case, including "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing."  *Id*.  The court explicitly declined to adopt a *per se* rule disallowing testimony from witnesses who testified at the administrative hearing, instead holding that administrative hearing witnesses are presumed to be foreclosed from testifying at trial, but that a party can rebut the presumption by justifying the need for the witness to testify within specified limits.  *Id*. at 790-91.

In *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983 (1st Cir. 1990), the court reiterated this approach and provided additional guidance to the district courts in the exercise of this discretion.

> [A] party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so.  …. To determine whether this burden has been satisfied ….  [a] district court "should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources."

*Id.* at 996 (quoting *Town of Burlington*, 736 F.2d at 791).

   II.   <u>Analysis</u>

Plaintiff seeks to supplement the administrative record in this matter by introducing reports from TSA that post-date the BSEA hearing and provide information about Anthony's progress since he started there and by adducing testimony from Anthony's mother and the Director of TSA concerning Anthony's progress at TSA since the time of the BSEA hearing. Plaintiff argues that the evidence, which did not exist at the time of (and thus could not be introduced at) the hearing, is relevant to the question of whether the Individual Education Program ("IEP") offered by ELPS for the 2014-2015 school year was reasonably calculated to provide Anthony with a FAPE.

Defendants seek to exclude the additional evidence.  Defendants argue that Anthony's mother and the Director of TSA are subject to the rebuttable presumption disallowing their testimony at trial because they testified at the administrative hearing and that the presumption should stand because allowing them to testify will enable them to repeat or embellish their earlier testimony in contravention of the First Circuit's guidance in *Town of Burlington* and *Roland M*. Defendants further argue that the proffered evidence regarding Anthony's post-hearing status is

not relevant to the issue of whether the IEP was reasonably calculated to provide Anthony with a FAPE, since the adequacy or lack thereof of the IEP must be assessed as of the time it was developed.

The court believes Plaintiff has the better of the argument and will allow the additional evidence. Anthony's mother's and the Director of the TSA's proffered testimony, limited as it will be to Anthony's post-hearing status, is not a repeat or embellishment. Indeed, notwithstanding its proscription against repeated or embellished testimony, the First Circuit noted that it expected exactly this type of post-hearing evidence to be presented to reviewing courts. *Town of Burlington*, 736 F.2d at 791 (recognizing as an appropriate reason to supplement the record the admission of evidence concerning relevant events occurring subsequent to the hearing and acknowledging that, "in many instances experts who have testified at the administrative hearing will be bringing the court up to date on the child's progress from the time of the hearing to trial.").

Nor can the court conclude that the proffered evidence lacks relevance. In order to justify reimbursement of the expenses associated with Anthony's attendance at TSA, Plaintiff must demonstrate that ELPS's proposed IEP was inappropriate to meet Anthony's educational needs, and, if so, that the TSA placement was appropriate. *Burlington Sch. Comm.*, 471 U.S. at 370; *Roland M.*, 910 F.2d at 1000. The proffered evidence has bearing on both inquiries. Contrary to Defendants' argument and as recognized by numerous courts, evidence of Anthony's progress at TSA very well may shed light on (and thus be relevant to) the reasonableness of the IEP at the time it was created. *See C.G. v. Five Town Cmty. Sch. Dist.*, 436 F. Supp. 2d 181, 186 (D. Me. 2006); *Konkel v. Elmbrook Sch. Dist.*, 348 F. Supp. 2d 1018, 1023-1024 (E.D. Wis. 2004); *Mr. I. v. Me. Sch. Admin. Dist. No. 55*, No. Civ. 04-165-P-H, 2004 WL 2397402, at *2 (D. Me. Oct. 27,

2004); *R.B. v. Bartholomew Consol. Sch. Corp.*, No. 1:03-CV-0939-DFH, 2004 WL 1087367, at *2 (S.D. Ind. May 4, 2004); *Mavis v. Sobol*, 839 F. Supp. 968, 980 (S.D.N.Y. 1994); *Norton Sch. Comm. v. Mass. Dept. of Educ.*, 768 F. Supp. 900, 910-911 (D. Mass. 1991).  Further, should the court find the IEP inappropriate and reach the second question, the proffered evidence bears relevance to the question of whether placement at TSA was appropriate.  *See C.G.*, 436 F. Supp. 2d at 186.  Given the relevance of the proffered evidence and in light of the difficult educational issues which must be resolved in a case such as this, the court concludes that Plaintiff has rebutted the presumption against testimony from Anthony's mother and the Director of the TSA and will exercise its discretion to admit the testimony, as well as the reports from TSA, regarding Anthony's post-hearing status.

### III. Conclusion

For the reasons stated above, Plaintiff's motion to supplement (Dkt. No. 26) is GRANTED.  Plaintiff's supplementation of the record shall be completed by no later than October 9, 2015.  The court will hold a status conference on October 13, 2015, at 2:00 p.m. for the purpose of amending the existing scheduling order.

It is so ordered.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge